UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) CRIMINAL NO. 03-CR-10401-RWZ |
| v. | ) ) ) |
| JING "TONY" CHO, | ) ) |
| Defendant. | ) ) ) |

## GOVERNMENT'S RESPONSE
## TO THE DEFENDANT'S SENTENCING MEMORANDUM

Notwithstanding the parties' agreement not to move for a departure from the applicable guideline range on any ground, in his Sentencing Memorandum the defendant, without using the magic word "move," requests that the Court depart "at least five (5) levels" for his "continuous cooperation" with the government. Not only does this "request" represent a flagrant breach of the plea agreement -- not to mention that it was served on the government two days before sentencing -- but it is based on a Sentencing Guideline, namely Section 5K1.1, that vests authority to seek a departure only in the government.

The plea agreement in this case reflects a substantial bargain for the defendant. The defendant played a crucial role in a two-year-long scheme in which his sister's boyfriend, Kam Wai Chui, diverted stock from shareholder accounts at the stock transfer company Equiserve into phony accounts of his own creation. In order to convert the diverted stock into cash, the defendant, an assistant manager at Citizens Bank branch, opened an account for Chui under a false name. Over the next year, the defendant laundered much of the proceeds of this scheme by making ten cash withdrawals totaling over $70,000. For each of these cash withdrawals, the

defendant deliberately disregarded bank regulations that required him to certify that the person withdrawing the funds was the account holder.

Nevertheless, pursuant to the plea agreement, the defendant was charged in an Information merely with one count of making a false bank entry in violation of 18 U.S.C. § 1005. The agreement reflects generous concessions by the government. In particular, the government agreed not to charge the defendant with money laundering and to take the position that the loss attributable to his conduct was the amount associated with the transactions he personally consummated, totaling approximately $70,000, as opposed to all of the laundered funds, which totaled $151,530.[1] These concessions effectively reduced the defendant's applicable sentencing range by more than half. Despite strong evidence in the case, including a written confession and detailed paper trail, and despite the seriousness of the defendant's conduct, the government believed that because the defendant gained little, if any, financial remuneration from the scheme, his sentence should be substantially lower than Chui's.

Having bargained for these concessions, the defendant agreed not to seek any departures from the applicable guideline range set forth in the agreement:

> The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, and that neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, *except that the government in its sole discretion may seek a departure under U.S.S.G. § 5K1.1* based on the terms explicitly set forth below.

See Plea Agreement, dated December 3, 2003 (emphasis added). Despite this agreement, the defendant now moves for a downward departure. The Court should reject the defendant's motion

---

[1] The Probation Office maintains that the loss attributable to the defendant should be based on the total laundered funds.

2

as it is made in violation of this unambiguous provision. It is this sort of flagrant disregard for a clear commitment made in plea agreement that chills the plea bargaining process. The Court should not countenance it for a moment.

The Court alternatively should reject the motion because Section 5K1.1 unambiguously vests only the government with authority to move for a departure based on substantial assistance: "Upon motion of the government . . . the court may depart from the guidelines." See United States v. Romolo, 937 F.2d 20, 24 (1st Cir. 1991) (holding that the court may not depart under Section 5K1.1. in the absence of a motion by the government).

Accordingly, the Court should deny the defendant's veiled motion for a downward departure.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> _____
> JONATHAN MITCHELL
> Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

A copy of this motion was served by fax upon Raymond Sayeg, Esq., Four Longfellow Place, Suite 3501-06, Boston, MA 02114, (617) 973-1562 this 16th day of November, 2004.

_____
JONATHAN F. MITCHELL